IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| FRANK ACOSTA. § | |
| § | |
| VS. § | CIVIL ACTION NO. G-12-256 |
| § | |
| FEDERAL NATIONAL MORTGAGE § | |
| ASSOCIATION a/k/a Fannie Mae § | |
| and BANK OF AMERICA, N.A. § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties under 28 U.S.C. § 636(c), is the "Motion for Summary Judgment" of Defendants, Federal National Mortgage Association and Bank of America, N.A. (BOC), filed on August 20, 2013; the Motion seeks the dismissal of all claims asserted against these Defendants by Plaintiff, Frank Acosta. The Court ordered Acosta to respond to the Motion by September 13, 2013, but to date, no response or request for an extension has been filed. The Court assumes that Acosta does not intend to file any response and, therefore, now issues this Opinion and Order.

The Court will not recite the well-known summary judgment standard, but will note that even in the absence of a response, a Court cannot grant a motion for summary judgment by default. Eversley v. MBank of Dallas, 843 F.2d 172, 174 (5th Cir. 1988)  The Court may, however, accept the movant's evidence as undisputed and then determine whether that evidence makes a *prima facie* showing of the entitlement to summary judgment based upon that undisputed evidence. C.F. Dahlberg & Co. v. Chevron USA, Inc., 836 F.2d 915, 919 (5th Cir. 1988) Under this approach, the Court will resolve the Defendants' Motion.

In his complaint, Acosta asserts numerous claims arising from the foreclosure of his property. The Defendants' summary judgment proof establishes the following, now indisputed, facts:

1. Acosta's Property was secured by an Adjustable Rate Note and Deed of Trust and a Second Lien Note and Security Document originated on March 30, 2007 by Countrywide Home Loans, Inc., which subsequently merged with Bank of America.

2. Acosta defaulted on The Loan by failing to make his monthly mortgage payment as agreed. Acosta did not make his July 1, 2008 payment until August 6, 2008 and made no further payments until September 15, 2009. Acosta has not made a payment since September 15, 2009.

3. Acosta defaulted on two loan modifications.

4. On September 1, 2010, The Loan was assigned by MERS from Countrywide Home Loans, Inc., to BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP. Bank of American continued to service The Loan.

5. On August 2, 2010, Bank of America sent a Default Notice to Acosta via certified mail at his last known address -- 3114 Misty Shore Drive, League City, Texas 77573.

6. On December 28, 2011, at the direction of Bank of America a Notice of Acceleration and Substitute Trustee Sale was sent to Frank Acosta via certified mail at his last known address -- 3114 Misty Shore Drive, League City, Texas 77573.

7. The substitute trustee was appointed pursuant to the Deed of Trust.

8. Acosta failed to cure his default and on February 7, 2012, The Property was sold at the Substitute Trustee Sale. Federal National Mortgage Association a/k/a Fannie Mae purchased The Property at the sale for the total amount of $153,800.00. At the time of the sale, the total amount of the unpaid debt under The Loan was $194,124.24.

On the basis of this undisputed evidence, the Court will address Acosta's claims *seriatim*.

BOA effectively became the "original lender" of Acosta's loan by virtue of the merger with Countrywide. MERS, in its capacity as nominee, assigned the loan to BOA, as successor of the merger. Hence, there is no cognizable "gap in the chain of title" and BOA, therefore, had standing to foreclose. Cf. Leavings v. Mills, 175 S.W. 3d 301, 309 (Tex. App. -- Houston [Dist. 1] 2004, no pet.)

Under Section 51.0025 of the Texas Property Code, BOA also had standing to foreclose as servicer of the loan.

Acosta has offered no summary judgment proof of any defect in the foreclosure proceedings. BOA sent Notice of Default and Notice of Acceleration to Acosta well before the Notice of Sale was delivered. See Texas Property Code § 51.002. Moreover, there was no "grossly inadequate" sales price or any evidence BOA detrimentally chilled the foreclosure sale. Therefore, the foreclosure sale was not wrongful.

Acosta has offered no summary judgment proof that BOA made any false or reckless statement to him upon which he relied to his harm; therefore, his claim for fraud or misrepresentation fails. Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P., 620 F.3d 465, 468 (5th Cir. 2010)

BOA's threat to legally foreclose if Acosta failed to cure his default cannot form the basis of an unreasonable debt collection claim.

Acosta's other tort claims are dependent upon the existence of the contractual indebtedness at issue in the case and, as a result, are barred by the "Economic Loss Doctrine." Southwestern Bell Telephone Co. v. Delanney, 809 S.W. 2d 493, 494 -95 (Tex. 1992)

Acosta's demand for an accounting fails because there is no fiduciary duty between a lender and a borrower or duty of good faith between a mortgagor and mortgagee. Federal Deposit Insurance Corp. v. Coleman, 795 S.W. 2d 706, 709 (Tex. 1993)

The lack of any remaining controversy between Acosta and the Defendants eliminates any entitlement for seeking declaratory relief, Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003), and Acosta's request for a declaratory judgment is, therefore, without foundation.

For all of the foregoing reasons, it is the **ORDER** of this Court that the "Motion for Summary Judgment" (Instrument no. 13) of Defendants, Federal National Mortgage Association and Bank of America, N.A., is **GRANTED** and all claims asserted against these Defendants by Plaintiff, Frank Acosta, are **DISMISSED**.

**DONE** at Galveston, Texas, this ___15th___ day of October, 2013.

John R. Froeschner
United States Magistrate Judge